# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN ERIC GINN, § | |
| TDCJ No. 01591871, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil No. SA-19-CA-0677-XR |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner John Eric Ginn's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Memorandum in Support (ECF No. 2), Respondent Davis's Motion to Dismiss (ECF No. 16), and Petitioner's Reply (ECF No. 22) thereto. Petitioner challenges the constitutionality of his 2009 state court murder conviction, arguing (1) his guilty plea was involuntary because the state used unfulfilled promises of deferred adjudication to coerce him to plead guilty, (2) officers of the court conspired to cover up evidence that his plea was fraudulently induced by altering, destroying, and concealing parts of the record, (3) the trial court abused its discretion by failing to admonish him on the subsequent plea agreement and by failing to offer him a chance to withdraw the plea and proceed to trial, and (4) the trial court lacked jurisdiction over the case because it failed to properly admonish him on the subsequent plea agreement. In her answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review

by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In August 2009, Petitioner plead guilty to murder and was sentenced to twenty-five years of imprisonment. *State v. Ginn*, No. 2008-CR-1279 (379th Dist. Ct., Bexar Cnty., Tex. Aug. 7, 2009) (ECF No. 17-28 at 21-22). Pursuant to the terms of the plea agreement, Petitioner waived his right to appeal. (ECF No. 17-27 at 26-34). Nevertheless, Petitioner filed a state habeas corpus application on August 11, 2010, seeking permission to file an untimely appeal. *Ex parte Ginn*, No. 74,659-01 (ECF No. 17-4 at 6-12). The Texas Court of Criminal Appeals denied Petitioner's request without written order on October 13, 2010. *Id*. at 2. During this time Petitioner also sought to file an out-of-time appeal in the intermediate state appellate court but his appeal was dismissed for lack of jurisdiction. *Ginn v. State*, No. 04-10-00700-CR, 2010 WL 4523787 (Tex. App.—San Antonio, Nov. 10, 2010, no pet.).

Petitioner then waited over seven years to challenge his conviction and sentence further. In August 2018, Petitioner filed a petition for mandamus relief with the Texas Court of Criminal Appeals, arguing his conviction was void because the trial court never pronounced judgment. *Ex parte Ginn*, No. 74,659-02 (ECF No. 17-6). This petition was denied without written order on September 19, 2018. (ECF No. 17-5). A few months later, on January 24, 2019, Petitioner filed a second state habeas application raising the same allegations that are now before this Court. *Ex parte Ginn*, No. 74,659-03 (ECF No. 17-27 at 17). The Texas Court of Criminal Appeals denied Petitioner's second state habeas application without written order on May 1, 2019. (ECF No. 17-5). Petitioner then placed the instant federal habeas petition in the prison mail system on June 3, 2019. (ECF No. 1 at 10).

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final September 7, 2009, when the time for appealing his judgment and sentence expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence).[1] As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction expired a year later on September 7, 2010. Because Petitioner did not file his § 2254 petition until June 3, 2019—well over eight years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

### A. Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). To start, there has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition, nor do Petitioner's claims concern a newly-recognized constitutional right. 28 U.S.C. § 2244(d)(1)(B)-(C). Furthermore, contrary to Petitioner's assertions, there is no

---

[1] Although Petitioner attempted to file an out-of-time appeal of this adjudication over a year later, this appeal did not constitute a "direct review" under § 2244(d)(1)(A) because it was dismissed for lack of jurisdiction due to being untimely. *See Foreman v. Dretke*, 383 F.3d 366, 440 (5th Cir. 2004) (finding that a *timely-filed* state appeal constitutes "direct review" under § 2244(d)(1)(A) even though the appeal is later dismissed for want of jurisdiction).

indication that the claims now raised by Petitioner could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). Although Petitioner cites "new" evidence purporting to demonstrate a cover-up of the fraudulent inducement of his guilty plea, such evidence does not form the factual predicate of any of his claims. Indeed, because each of Petitioner's claims all concern the allegedly altered terms of the plea bargain agreement, Petitioner should have been aware of the factual predicate for those claims at the time of his conviction, as Petitioner was presumably present at the plea hearing and also signed the trial court's admonishments and the plea agreement. Thus, statutory tolling under § 2244(d)(1) is unwarranted.

Petitioner is, however, entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, Petitioner first challenged the instant conviction in a state habeas application executed on August 11, 2010, which was later denied October 13, 2010. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (holding that the pleadings of *pro se* inmates are deemed filed at the time they are delivered to prison authorities). Accordingly, Petitioner's first state habeas application tolled the limitations period for a total of 64 days, making his federal petition due on November 10, 2010.[2] Again, Petitioner did not file his § 2254 petition until June 3, 2019, still over eight years too late.

---

[2] Petitioner's mandamus petition and second state habeas application do not toll the one-year limitations period because they were not filed until 2018, well after the limitations period expired for challenging his underlying conviction and sentence. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Even if it were timely, Petitioner's mandamus petition would not toll the limitations period because it did not seek review of the judgment, but rather a directive that the trial court rule. *See Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002) (finding a mandamus application did not toll the limitations period because it was not a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment.").

B.  **<u>Equitable Tolling</u>**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner did not reply to Respondent's assertion of the statute of limitations in this case, nor did his petition provide this Court with any valid reason to equitably toll the limitations period. Even with the benefit of liberal construction, Petitioner has provided no justification for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Each of Petitioner's allegations concern the constitutionality of his 2009 guilty plea and conviction for murder. However, Petitioner fails to show that the factual predicate of these claims could not have been discovered and presented at an earlier date, much less explain why he waited nine years to raise the instant allegations in an application for state habeas corpus relief. Because Petitioner failed to assert any specific facts showing that he was prevented, despite the

5

exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id*. In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set

forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## IV. Conclusion

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Respondent Lorie Davis's Motion to Dismiss (ECF No. 16), filed October 22, 2019, is **GRANTED**;

2. Federal habeas corpus relief is **DENIED** and Petitioner John Eric Ginn's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as time-barred;

3. No Certificate of Appealability shall issue in this case; and

4. All remaining motions are **DENIED** and this case is now **CLOSED**.

It is so **ORDERED**.

SIGNED this 27th day of January, 2020.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE